IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GENERAL PARTS, INC., ) | |
|     ) | |
|     Plaintiff, ) | |
|     ) | |
| v.   ) | Civil Action No. 2:07-cv-740-MHT |
|     ) | |
| ROBERT J. SCOTZ ) | |
|     ) | |
|     Defendant. ) | |

**ORDER**

Upon referral of this case for action on all pretrial matters and for recommendation as may be appropriate (Doc. 12), the undersigned Magistrate Judge considers the *Motion for Counsel* (Doc.11, filed October 17, 2007).[1]

Defendant fails to enumerate beyond his general statement of financial difficulties and need for assistance. A civil litigant has no constitutional right to the appointment of counsel in a civil case. *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). The appointment of counsel is only justified by exceptional circumstances. *Id*. At this time the Court sees no issues that are so novel or complex as to justify the appointment of counsel. As such, it is **ORDERED** his motion for appointment of counsel (Doc. 11) is hereby **DENIED**.

Defendant also asserts he does not have the financial resources to pay the necessary filing fees. At this time, the court cannot assess his eligibility under 28 U.S.C. §1915 to proceed without prepayment of fees and costs.. Accordingly, it is **ORDERED** that

---

[1] Because Defendant also asserts he cannot be the necessary fees associated with a lawsuit, the Court also interprets his motion as a "Motion to Proceed *in forma pauperis*."

Defendant file by **November 2, 2007** an amended motion to proceed *in forma pauperis* which includes an accurate and complete affidavit.

The Clerk is **DIRECTED** to mail with this Order an application and affidavit to proceed in *forma pauperis*.

DONE this 22nd day of October, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE