IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHER DIVISION

| | |
|---|---|
| GENERAL PARTS, INC., | : |
| Plaintiff, | : |
| -vs- | : Case No. 2:07-cv-740-MHT |
| ROBERT J. SCOTZ, | : |
| Defendant. | : |

# MOTION TO STRIKE
# DEFENDANT'S MOTION FOR INJUNCTIVE RELIEF

COMES NOW the Plaintiff, General Parts, Inc., by and through its counsel of record and moves to strike Defendant's Motion for Injunctive Relief filed October 11, 2007. As grounds for said motion, Plaintiff states as follows:

1. Defendant filed a motion for an injunction asking the Court to hold that all of the Defendant's assets and the assets of his spouse, including the residence that he deeded to her, free and clear from being held in escrow during the course of this litigation or from being used to satisfy any potential judgment as a result of this litigation.

2. Plaintiff has not requested that any assets be held in escrow and has not received a judgment in this matter. Accordingly, it is impossible for Defendant to establish the necessary elements when seeking injunctive relief. It is highly unlikely that the Defendant will successfully rebut the allegations brought by the Plaintiff in this lawsuit.

3. Entitlement to a preliminary injunction requires the moving party to demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) the threatened injury to the movant outweighs any potential harm to the party being enjoined; and (4) that granting the injunction would not be adverse to the public interest. See *American Red Cross v. Palm Beach Blood Bank, Inc.,* 143 F.3d 1407, 1410 (11th Cir. 1998). Moreover, the issuance of a preliminary injunction is an extraordinary equitable remedy which should not be granted absent a clear showing that the moving party has met its burden. See *Café 207 v. St. John's County,* 989 F.2d 1136, 1137 (11th Cir. 1993).

4. The Defendant moves for an injunction here without even pleading the essential elements for the relief sought. Accordingly, on its face, Defendant's Motion for Injunctive Relief is due to be stricken as a matter of law.

5. Regardless, Defendant cannot establish a substantial likelihood of success on the merits. Certainly, it cannot be established that he would successfully defend the underlying lawsuit. On the contrary, based upon information and belief, Defendant has given a signed confession to the Montgomery Police Department and has admitted that he wrote checks from General Parts' accounts totaling $238,876.23. The Defendant is presently incarcerated in the Montgomery County Detention Facility. It is virtually impossible for Defendant to demonstrate here that there is a substantial likelihood for successfully defending this cause of action. Defendant cannot argue a substantial likelihood of success because, in fact, there are means by which the Plaintiff could collect a judgment rendered in its favor against the Defendant by or through assets of Defendant. See e.g., *Teri Strauss & Co. v. Sunrise International Trading Co.,* 51 F.3d 982 (11th Cir. 1995). Moreover, to the extent the issue is whether Defendant's assets could be vulnerable to any judgment that is rendered in this case, said question is premature because there is no judgment.

6. Even if pled correctly, Defendant certainly cannot establish a substantial threat of irreparable harm if the injunction is not granted. Again, no judgment has been entered against the Defendant and any issues that Defendant wishes to advance regarding the availability of his assets or his wife's assets as proper avenues to satisfy a judgment rendered, can be litigated at the conclusion of the lawsuit. In fact, the law of injunctions is to protect a party that has been damaged from further irreparable harm. Defendant has not been damaged. Rather, he perpetrated the injury. See, e.g., *Storer Communications, Inc. v. Mogel,* 625 F.Supp. 1194, 1203 (S.D. Fla. 1985) (holding that the alleged illegal activities of a defendant are not worthy of any protection).

7. Based on the fact that the Defendant has illegally taken $238,876.23, he cannot establish that any potential injury to him outweighs the potential harm to General Parts. It is General Parts who has suffered great injury.

8. Certainly, Defendant cannot establish that granting this injunction would be adverse to the public interest. It is extremely prejudicial to public interest to enjoin a victim of theft from seizing the assets of the offending party if a judgment is rendered in a court of law. On the contrary, it pro-

motes public interest to prevent further illegal activity. See e.g. *Time Warner Cable of New York City v. Freedom Electronics, Inc.,* 897 F.Supp. 1454, 1460 (S.D. Fla. 1985).

9. Defendant has not properly pled a motion for injunctive relief. It is nonetheless impossible for the Defendant to establish the necessary elements in this lawsuit to be granted injunctive relief.

WHEREFORE, These Premises Considered, Plaintiff respectfully requests this Honorable Court deny Defendant's Motion for Injunctive Relief.

DATED THIS the 2nd day of November, 2007.

GENERAL PARTS, INC., Plaintiff,

By: /S/ *James R. Seale*
James R. Seale (3617-E-68J)
HILL, HILL, CARTER,
    FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969 - fax
E-mail: jrs@hillhillcarter.com
Counsel for Plaintiff
wwm/8620.0002/g:Motion to Strike-Motion for Injunctive Relief.wpd

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Motion to Strike Defendant's Motion for Injunctive Relief* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, using the CM/ECF system which will send notification of such filing to all counsel of record, and/or I have mailed the same to non-CM/ECF participants via United States Mail, properly addressed and first class postage prepaid this the 2nd day of November, 2007, to wit:

Robert Jay Scotz
c/o Montgomery County Detention Facility
250 South McDonough Street
Montgomery, Alabama 36104

/S/ *James R. Seale*