IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GENERAL PARTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:07-cv-740-MHT |
| ) | [wo] |
| ROBERT J. SCOTZ ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 12, filed October 17, 2007). Pending before the Court is a *Motion for an Injunction* (Doc. 10, filed October 15, 2007) and Plaintiff's *Motion to Strike Defendant's Motion for Injunctive Relief* (Doc. 24, filed November 2, 2007). For good cause, it is the Recommendation of the Magistrate Judge Defendant's Motion for Injunction be denied and Plaintiff's Motion to Strike be denied as moot.

I.  PARTIES

Plaintiff General Parts, Inc. ("GPI" or "Plaintiff") is a North Carolina corporation with its principal place of business in Raleigh, North Carolina.

*Pro se* defendant, Robert J. Scotz ("Scotz" or "Defendant") is a resident of Prattville

in Autauga County, Alabama which is located within the Middle District of Alabama.[1]

## II. JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332(a) (Diversity Jurisdiction). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## III. NATURE OF THE CASE & MOTION FOR INJUNCTION

GPI initiated this action on August 17, 2007. *See* Doc. 1, "Complaint." GPI filed an amended complaint on October 22, 2007. *See* Doc. 18, "Amended Complaint." GPI alleges Scotz misappropriated, stole, and/or wrongfully converted for his own use and benefit funds of GPI in the amount of $238,876.23. GPI asserts claims for conversion, unjust enrichment, and fraud and deception. *Id*. at ¶¶ 12-20. Additionally, GPI avers Scotz and his wife then used the misappropriated and stolen funds to payoff the mortgage to their house. Scotz then allegedly transferred his interest in the house and property to his wife, Elaine Folmar Scotz in June 2007. *Id*. at ¶¶ 21-28. GPI requests a monetary judgment for the $238,876.23 as well as an order setting aside as void Scotz's transfer of his property to his wife. GPI also notes Scotz has allegedly given a signed confession to Detective John Hall of the Montgomery Police Department admitting to writing all the checks. *Id*. at ¶ 27.

Scotz filed his answers on October 15, 2007 and November 5, 2007 to the Complaint

---

[1] Scotz' address is questionable as the Court has been informed and Scotz is now sending his mail from the Montgomery County Jail. The Court has ordered Scotz to file with the Clerk a notice of change of address, but has not yet done so. *See* Doc. 17, filed October 22, 2007.

and Amended Complaint. *See* Doc. 9, "A Response to Summons" and Doc. 26, "A Response to Summons." In his responses, Scotz opposes GPI's request to set aside as void the transfer of his one half interest in property to his wife. *Id*. He denies the transfer was an attempt to defraud GPI or any other creditor. *Id*. Scotz does not address any of the remaining allegations. *Id*.

On the same date as his first "Response," Scotz also filed this request for an injunction. *See* Doc. 10, "A Motion for an Injunction." In the motion, Scotz petitions the Court to grant an injunction to protect his assets and the assets of his wife including banking accounts, checking accounts, savings accounts, stock, retirement funds, and the transfer of his interest in the real property to his wife. *Id*. In summary, he requests the Court prohibit "any future litigation or attack on/or concerning the above assets." *Id*. at p. 2. It appears from the motion that Scotz is seeking both a preliminary injunction to protect his assets during the litigation and a permanent injunction protecting those assets from being used to satisfy any judgment against him.

In response to the Court's order to show cause, GPI filed a response to the injunctive request on November 2, 2007. *See* Doc. 24, "Motion to Strike Defendant's Motion for Injunctive Relief." GPI asserts Scotz cannot establish the necessary elements in seeking injunctive relief and thus, is not entitled to a preliminary injunction. *Id.* Specifically, GPI asserts Scotz did not even plead the essential elements for a preliminary injunction and moreover, cannot show substantial likelihood on the merits as he has given a signed confession the Montgomery Police Department regarding the money taken. *Id*. at ¶ 5.

### IV. STANDARD OF REVIEW

In a diversity case, the Eleventh Circuit has held that the courts looks to federal law in whether to grant or deny a preliminary injunction. *Ferrerro v. Assoc. Materials, Inc.*, 923 F.2d 1441, 1448 (11th Cir. 1991); *see also Mitsubishi Intern. Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1525 (11th Cir. 1994) (citing *Ferrerro* and stating "[u]nder Fed. R. Civ. P. 65, federal law, rather than [state] law, governs the grant of a preliminary injunction to preserve the relative positions of the parties until a trial on the merits can be held.").

"The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir. 1990)). The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court..." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citations omitted). A party is entitled to a preliminary injunction if he establishes the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the party outweighs the potential harm to the opposing party; and (4) that the injunction will not disserve the publish interest. *Id.*; *American Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998); *see also MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1240 (11th Cir. 2005) (application of four elements in a diversity case). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the

burden of persuasion as to the four requisites." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)); *accord Café 207, Inc. v. St. Johns County*, 989 F.2d 1136, 1137 (11thCir. 1993) ("A preliminary injunction is a drastic remedy and [the movant] bears the burden to clearly establish each of the four prerequisites."); *see also Texas v. Seatrain Int'l S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) ("[G]ranting a preliminary injunction is the exception rather than the rule." and movant must clearly carry the burden of persuasion).[2] The moving party's failure to demonstrate a single element may defeat the request regardless of the party's ability to establish any of the other elements. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11thCir. 2000) (failure to show irreparable injury); *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (failure to establish substantial likelihood of success on the merits).

In a diversity case, whether to grant a permanent injunction is governed by state law. *See Capital Tool & Mfg. Co., Inc. v. Maschinenfabrik Herkules*, 837 F.2d 171, 172 (4th Cir. 1988) (state law would govern the grant of a final injunction); *Molex, Inc. v. Nolen*, 759 F.2d 474 (5th Cir. 1985) (applying Texas law to determine whether plaintiff was entitled to injunctive relief); *see also Hanger Prosthetics & Orthotics, Inc. v. Morgan*, 2000 WL 1843820, *1 (S.D. Ala. 2000) (noting whether to grant a permanent injunction is governed

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

by Alabama law). Under Alabama law, for a permanent injunction, the standard is essentially the same as for a preliminary injunction with the exception that the movant must demonstrate actual success on the merits rather than merely show a likelihood of success on the merits. *TFT, Inc. v. Warning Systems, Inc.*, 751 So. 2d 1238, 1242 (Ala. 1999) (citing *Pryor v. Reno*, 998 F.Supp. 1317 (M.D. Ala. 1998)). Thus, under Alabama law, "[t]o be entitled to a permanent injunction, a [movant] must demonstrate success on the merits, a substantial threat of irreparable injury if the injunction is not granted, that the threatened injury to the [movant] outweighs the harm the injunction may cause the [nonmovant], and that granting the injunction will not disserve the pubic interest." *Id*.; *Mobile Press Register, Inc. v. Lackey*, 938 So. 2d 398, 400 (Ala. 2006) (quoting *TFT*, 751 So. 2d at 1241-42).

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

V.  **DISCUSSION AND ANALYSIS**

A.  **Preliminary Injunction**

To establish his entitlement to a preliminary injunction, Scotz must clearly show what he seeks to enjoin. At present, there is merely a lawsuit against him which seeks a judgment and nullification of an allegedly fraudulent transfer of real property. GPI has not attempted to seize any of Scotz's assets and thus, there is nothing to enjoin. For that reason alone, the

Court must deny the request for a preliminary injunction.

In addition, Scotz cannot establish the four essential elements to show he is entitled to a preliminary injunction. Scotz must first show a substantial likelihood of success on the merits of his defense. *See Church*, 30 F.3d at 1342. In his limited responses, Scotz does not demonstrate this requirement. In his answers, Scotz fails to substantively address the allegations except to make the conclusory statement that the transfer of his property was not made to defraud any creditors. Moreover, GPI states there is a signed confession as well as the appearance of a pending underlying criminal action would counter any inference of Scotz's substantial likelihood of success on the merits of his defense. As Scotz fails to establish a substantial likelihood of success on the merits, the Court does not need to address the other three prerequisites of preliminary injunctive relief. *Id*. (citing *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)).

**B.     Permanent Injunction**

To be entitled to a permanent injunction, Scotz must show actual success on the merits. *See TFT*, 751 So. 2d at 1242 (movant must prevail on the merits in order to obtain a permanent injunction); *Lackey*, 938 So. 2d at 400 (upholding elements from *TFT*). This case against Scotz is in its infancy and Scotz is clearly unable to show <u>actual</u> success on the merits as there is no judgment or dismissal by the Court. Thus any request for a permanent injunction is premature and must be denied.

## VI. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)  *Motion for an Injunction* (Doc. 10) be **DENIED**.

(2)  Plaintiff's *Motion to Strike Defendant's Motion for Injunctive Relief* (Doc. 24) be **DENIED as moot**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **November 23, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981).

DONE this 9th day of November, 2007.

         /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE