```
         IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
           MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

GENERAL PARTS, INC.,         )
                             )
     Plaintiff,              )
                             )       CIVIL ACTION NO.
     v.                      )         2:07cv740-MHT
                             )             (WO)
ROBERT J. SCOTZ,             )
                             )
     Defendant.              )
```

OPINION

In this lawsuit, plaintiff General Parts, Inc. (GPI) asserts claims for conversion, unjust enrichment, and fraud and deception. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that GPI's motion for summary judgment should be granted. Also before the court are defendant Robert J. Scotz's objections to the recommendation. After an independent and de novo review of the record, the court concludes that Scotz's objections should be overruled and the magistrate judge's recommendation adopted.

The court adds the following comments: In his objections, Scotz argues that he had no intent to defraud because he never thought he would be caught stealing money from GPI and that, if he were never going to be caught, there would be no need to shelter assets from GPI. In dismissing this argument, the magistrate judge does not cite to what the court thinks is the most pertinent subsection of the Alabama Fraudulent Transfer Act: 1975 Ala. Code §§ 8-9A-1 through 8-9A-12. The magistrate judge cites § 8-9A-4(a), which requires proof of intent to defraud, and then cites to <u>J.C. Jacobs Banking Co. v. Campbell</u>, 406 So.2d 834, 844 (Ala. 1981), which holds that, under "constructive fraud" analysis, "intent" can be inferred from grossly inadequate consideration. Section 8-9A-4(c) is more to the point. It states:

> "A transfer made by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer without receiving a reasonably equivalent value in exchange

>  for the transfer and the debtor: (2)
>  Intended to incur, or believed or
>  <u>reasonably should have believed</u> that he
>  or she would incur, debts beyond his or
>  her ability to pay as they came due."

(Emphasis added). This subsection codifies the "constructive fraud" analysis found in <u>J.C. Jacobs</u>, <u>see</u> § 8-9A-4 cmt. 3, and speaks to the circumstances of this case. As such, the court thinks it is the better reason for rejecting Scotz's argument. Even more, proof of "intent" is irrelevant under this subsection, rendering Scotz's argument moot. Thus, the court concludes that, because Scotz stole $ 220,000, he "reasonably should have believed" that he would be caught and have to repay the money. As Scotz did not receive an "equivalent value" in exchange for the transfer he made to his wife, the transfer was fraudulent under § 8-9A-4(c)(2).

An appropriate judgment will be adopted.

DONE, this the 21st day of October, 2007.

                         /s/ Myron H. Thompson  
                         UNITED STATES DISTRICT JUDGE